IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES BRYSON GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:16-cv-494-WKW-GMB |
| ) | |
| WELLS FARGO BANK, N.A., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 27, 2016, Plaintiff James Bryson Graham ("Graham") filed this *pro se* action against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and John G. Stump ("Stump") (collectively, "Defendants") to obtain the return of an "unaltered instrument stamped paid-in-full" in purported accordance with the Truth in Lending Act ("TILA"). Doc. 1. Before the court is Defendants' motion to dismiss pursuant to Rules 8 and 12(b) of the Federal Rules of Civil Procedure. Doc. 8. Pursuant to 28 U.S.C. § 636, this matter was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of facts and conclusions of law. Doc. 3. For the reasons that follow, it is the recommendation of the Magistrate Judge that Defendants' motion (Doc. 8) be GRANTED and that Graham's complaint be DISMISSED WITH PREJUDICE.

### I. JURISDICTION

Jurisdiction over this matter is asserted pursuant to 28 U.S.C. § 1331 (federal question). The parties do not contest personal jurisdiction or venue, and the court finds

adequate allegations to support both.

## II.  STATEMENT OF FACTS

The court accepts as true all relevant facts set forth by Graham in the complaint. Graham had a money market deposit account with SouthTrust Bank of Ozark, Alabama, which is now Wells Fargo. Doc. 1 at 2.  Graham was a debtor on a promissory note executed in the late 1990s in favor of Wells Fargo. Doc. 1 at 4.  On or about June or September 2000, Wells Fargo withdrew $401,452.15 from Graham's money market account to satisfy this unpaid promissory note.[1] Doc. 1 at 4.  Although Graham alleges that this withdrawal was done without notice or due process, the crux of his complaint is that the promissory note has been paid in full and therefore Wells Fargo must return the "authenticated, original, and unaltered instrument" to him evidencing that this debt has been satisfied.[2] Doc. 1 at 3. All of the allegations in Graham's complaint are against Wells Fargo; he makes no specific allegations against Stump.

After Defendants' filed their motion to dismiss, the court entered a briefing order, and on October 12, 2016 Graham filed his response to the Defendants' motion.[3] Docs. 15 & 18.  On October 20, 2016, Defendants filed their reply. Doc. 19.  With briefing

---

[1] It is unclear from the complaint when this conversion of funds actually took place, as Graham alleges it occurred both on June 9, 2000 (Doc. 1 at 2) and September 9, 2000 (Doc. 1 at 4).

[2] Graham acknowledges in his complaint that he has previously litigated various fraud and due process claims related to the execution and payment of the promissory note at issue in both state and federal court. Specifically, Graham alleges that he "unsuccessfully litigated a complaint based on fraudulent inducement" in the Circuit Court of Dale County, Alabama, which was dismissed in 2004. *See Graham v. SouthTrust Bank*, Dale County Circuit Court Case No. CV-2002-00204.  He also alleges that he litigated due process, fraud, and wrongful conversion claims in this court, albeit before a different judge, which were also dismissed in 2013. *See Graham v. Wells Fargo Bank, N.A.*, Case No. 1:12-cv-1034-MHT-CSC (M.D. Ala.); Doc. 1 at 7–10.

[3] Graham filed a brief in accordance with the court's briefing order even though he previously informed the court that he "will not file a Brief" because "[t]here is no dispute in the law." Doc. 14.

completed, this matter is ripe for disposition.[4]

### III.  STANDARD OF REVIEW

To withstand Rule 12(b)(6) scrutiny and satisfy Rule 8(a), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," so as to nudge the claim across the line from conceivable to plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, more than labels and conclusions is required, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "As the Eleventh Circuit has explained, *Twombly/Iqbal* principles require that a complaint's allegations be enough to raise a right to relief above the speculative level." *Cochran v. S. Co.*, 2015 WL 3508018, at *1 (S.D. Ala. June 3, 2015) (internal quotation marks omitted).  Courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Indeed, the granting of a motion to dismiss is appropriate "when it is demonstrated beyond a doubt the plaintiff can prove no set of facts in support of his claim

---

[4] The court notes that Graham claims he was not served with a copy of Defendants' motion to dismiss, but the court's service records show that a copy of Defendants' motion was mailed to Graham's address on file with the court.  Moreover, in Graham's motion for an extension of time to respond to Defendants' motion to dismiss, he claims that he obtained a copy of the court's August 30, 2016 briefing order from the clerk's office.  Graham does not allege that he obtained a copy of Defendants' motion to dismiss from the clerk's office, even though he knew from the court's briefing order (which he did obtain from the clerk's office) that such a motion had been filed.  And there is no indication from Graham's motion for extension of time that his address on file with the court was or is incorrect. *See* Docs. 15 & 18.  That being said, whether Graham received a copy of Defendants' motion does not affect the court's ultimate conclusion that Graham's complaint fails as a matter of law.

that would entitle him to relief." *Reeves v. DSI Sec. Servs.*, 331 F. App'x 659, 661 (11th Cir. 2009).

## IV.  DISCUSSION

Defendants argue that Graham's complaint is due to be dismissed because he fails to state a claim upon which relief can be granted.[5]  Docs. 8 & 9.  The court agrees.  First, Graham's complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure in that it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Nor does it contain "simple, concise, and direct" allegations set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8(d)(1) & 10(a).  No specific causes of action are identified in Graham's complaint, nor are there sufficient factual allegations to support any causes of action against either defendant. *See* Doc. 1.  Indeed, Graham's complaint contains precisely the type of "unadorned, the-defendant-unlawfully-harmed-me" accusations that *Iqbal* prohibits. *See Iqbal*, 556 U.S. at 678.  In short, even affording Graham significant leniency as a *pro se* plaintiff, these pleading deficiencies, standing alone, are sufficient grounds on which to recommend dismissal of Graham's complaint.

However, even if the court were to set these pleading deficiencies aside, Graham's complaint still fails as a matter of law.  Although Graham does mention a lack of "notice" and "due process" in his complaint, the real crux of his claim is that, under TILA, Wells

---

[5] Defendants also argue that dismissal of Graham's complaint is warranted because he did not serve either defendant in accordance with the Federal Rules of Civil Procedure. Doc. 9.  Because the court finds that Graham's complaint is due to be dismissed pursuant to Rule 12(b)(6) for failure to state a viable claim for relief, the court pretermits discussion of the propriety of service.

4

Fargo must return to him the original, unaltered, and authenticated promissory note that was satisfied by the $401,452.15 setoff from Graham's money market account with Wells Fargo. But TILA does not require production of the original note.[6] *See Cardin v. Wilmington Finance, Inc.*, 2013 WL 1123815, at *2 (D. Ariz. Mar. 18, 2013); *Vazquez v. Select Portfolio Serv.*, 2013 WL 5770995, at *3 (N.D. Cal. Oct. 23, 2013) (explaining that "'show me the note' requests do not fall within the purview of TILA"). Thus, as a matter of law, Graham's complaint fails to plead an actual violation of TILA's terms by either defendant.

Finally, even if Graham had alleged an actionable violation of TILA, his claim is time-barred. Taking Graham's factual allegations as true, as the court must at this stage of the proceedings, Graham executed the promissory note at issue in the late 1990s, and Wells Fargo withdrew funds from Graham's money market account to satisfy his debt on this promissory note in 2000. *See* Doc. 1. These actions occurred, at the very latest, over 15 years ago, well past TILA's one-year and three-year statutes of limitations. *See* 15 U.S.C. § 1640(e) (one-year statute of limitations applies to claims for damages); 15 U.S.C. § 1635(f) (statute of limitations for actions for rescission is three years from the date of closing). Moreover, Graham does not allege any facts that demonstrate or support the timeliness of his claim, nor does he allege any facts that suggest his claim is subject to some form of tolling. Finally, Graham's attempt to rescind the loan by letter dated May

---

[6] "TILA is primarily concerned with disclosures made at the inception of the loan, and requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Vazquez v. Select Portfolio Serv.*, 2013 WL 5770995, at *3 (N.D. Cal. Oct. 23, 2013).

2016 does not salvage the timeliness of his claim, as the right to rescind under TILA expired three days after the loan closed or, to the extent requisite TILA disclosures were not provided, three years after the loan closed. *See* 15 U.S.C. § 1635(f).  In short, no matter how Graham's claimed is viewed under TILA, it is untimely.  For this reason and the reasons stated above, Graham's complaint is due to be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[7]

## V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Defendants' motion to dismiss (Doc. 8) be GRANTED and that Graham's complaint be DISMISSED WITH PREJUDICE.[8]

It is further ORDERED that the parties shall file any objections to this report and recommendation **on or before November 15, 2016**.  Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which an objection is being asserted.  Frivolous, conclusive, or general objections will not be considered by the district court.  The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

---

[7] Defendants also moved to dismiss Graham's complaint on the basis of res judicata.  Like Defendants' argument based on ineffective service, because the court is dismissing Graham's complaint under Rule 12(b)(6), the court pretermits discussion of the applicability of the doctrine of res judicata to Graham's complaint.

[8] Where it appears that a more carefully drafted pleading might state a claim, a *pro se* plaintiff "must be given at least one chance to amend . . . before the district court dismisses the action with prejudice." *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (holding that this rule does not apply to counseled plaintiffs). But the district court need not grant leave to amend "where amendment would be futile." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).  Here, as explained above, amendment of Graham's complaint would be futile, as he cannot allege a viable, timely TILA claim.  Thus, a recommendation of dismissal with prejudice is appropriate.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues addressed in the report and recommendation, and shall bar the party from attacking on appeal factual findings in the report and recommendation that are accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 1st day of November, 2016.

                                            /s/ Gray M. Borden
                                    UNITED STATES MAGISTRATE JUDGE